**DUFFYAMEDEO LLP**
275 Seventh Avenue, 7th Floor
New York, NY 10001
Tel: (212) 729-5832
Todd E. Duffy
Douglas A. Amedeo
*Counsel to Michael and Norma Knopf and Delphi Capital Management LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :    Case No. 18-12738 (MG)
In re                                                       :
                                                            :
PURSUIT HOLDINGS (NY) LLC                                   :    (Chapter 11)
                                                            :
                          Debtor.                           :
                                                            :
------------------------------------------------------------x

**JOINDER OF MICHAEL I. KNOPF, NORMA KNOPF, AND DELPHI CAPITAL MANAGEMENT LLC IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS THIS CHAPTER 11 CASE**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Michael I. Knopf, Norma Knopf, and Delphi Capital Management (collectively, the "Knopfs"), in their capacity as creditors of the estate of the debtor herein, hereby join in support of the motion of William K. Harrington, the United States Trustee for Region 2 (the "UST") pursuant to 11 U.S.C. § 1112(b) for an order converting or dismissing this Chapter 11 case (the "UST Motion"). In support thereof, the Knopfs represent and allege as follows:

**FACTS**

The Knopfs are secured creditors of the debtor, Pursuit Holdings (NY) LLC ("Debtor") and, upon information and belief, the largest creditors of the Debtor's estate by a wide margin. The debt is based upon loans made by the Knopfs to the Debtor related to real estate purchased by

the Debtor and secured by that real estate. After protracted litigation, on February 22, 2018, the New York Supreme Court awarded a judgment upon this debt in the amount of **$9,867,832.61** in favor of the Knopfs and against the Debtor (the "Judgment"). A true and correct copy of the Judgment as docketed is annexed hereto as **Exhibit A**. The Debtor had sought to evade the judgment by filing a Chapter 11 case in Delaware. (the "Delaware Chapter 11 Case") in 2017. The story of the failure and dismissal of that Chapter 11 case is set forth in the UST Motion.

After dismissal of the Delaware Chapter 11 Case, the Knopfs sought to execute the Judgment on the Debtor's investment properties consisting of three condominium units located at 10 Bedford Street, New York, New York (the "Bedford Street Properties"). The Sheriff of New York City noticed a Sheriff's Sale of the Bedford Street Properties to take place on September 12, 2018 (the "Sheriff's Notice"). A true and correct copy of the Sheriff's Notice is annexed hereto as **Exhibit B**. On September 12, 2018, the Debtor filed the present Chapter 11 case—its second in a year and a half—and stayed the sale.

As noted in the UST Motion, the Debtor is resistant to filing its schedules. That was the basis for its dismissal in Delaware and is a basis for the relief the UST now seeks. The Debtor has not only refused to divulge its financial picture. In fact, it has misrepresented that picture, even in the short time it has been a debtor in this Court.

In its initial petition filed on September 18, 2018 (the "Initial Petition") (Dkt. No. 1) the Debtor listed its "Estimated Liabilities" as "$1 M to $10M." The Initial Petition listed the Knopfs as "unsecured" creditors for a total of $10M, or, in effect, the meaningful entirety of the Debtor's claimed liabilities. It also listed the debt as "disputed." How a docketed judgment for $10 M that was not subject to appeal can be legitimately characterized as "disputed" remains a mystery. A copy of the Initial Petition (no longer posed on ECF) is annexed hereto as **Exhibit C**.

On September 26, 2018, the Debtor filed an amended petition (the "Amended Petition") (Dkt. No. 8). In this Amended Petition, the Debtor reduced its "Estimated Liabilities" by an order of magnitude, dropping it from "1M to $10M" to "$500,000 to $1 M." The Knopfs' Judgment is not reflected either in the estimation nor in the list of unsecured creditors. To estimate liabilities and leave out of the Debtor's liabilities a $10 M judgment that is not being appealed is simply to assert an entirely false financial picture of the Debtor.

## **RELIEF SOUGHT**

The Knopfs join in the UST Motion to the extent that the UST requests that the Court pursuant to 11 U.S.C. § 1112(b) enter an order dismissing the Chapter 11 case. In addition, the Knopfs request that the Order entered by the Court be with prejudice barring the Debtor from filing yet another petition for at least one (1) year. It is well-established that a bankruptcy court has discretion to bar re-filing of a bankruptcy case for periods of a year or longer, in particular in cases of serial filings. *In re Casse*, 198 F.3d 327, 339 (2d Cir. 1999). 11 U.S.C. §§ 105(a) and 349(a) authorize bankruptcy courts "in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days." *In re Tornheim*, 239 B.R. 677, 687 (Bankr. E.D.N.Y. 1999); *see also Wenegieme v. Macco*, 550 B.R. 17, 24 (Bankr. E.D.N.Y. 2018)(same).

## CONCLUSION

WHEREFORE, for the reasons set forth above and in the UST Motion, the Knopfs respectfully submit that the Court should (i) convert or dismiss the Chapter 11 case, and (ii) if the case is dismissed, dismiss with prejudice barring a refiling for a year.

Dated: October 4, 2018
      New York, New York

**DUFFYAMEDEO LLP**
By: /s/ Todd E. Duffy
    Todd E. Duffy
    Douglas A. Amedeo
275 Seventh Avenue, 7th Floor
New York, NY 10001
Tel:   (212) 729-5832
Fax:   (212) 208-2437
Attorneys for Michael I. Knopf, Norma Knopf, and Delphi Capital Management, LLC